Janice E. Smith (SBN 3816)
**PRICE LAW GROUP, APC**
420 S. Jones Blvd.
Las Vegas, NV 89107
(702) 794-2008 Telephone
(702) 794-2009 Facsimile
jan@pricelawgroup.com
Attorneys for Plaintiff
JO LYNN EATON

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA—NORTHERN DIVISION

| | |
|---|---|
| JO LYNN EATON,<br><br>    Plaintiffs,<br><br>vs.<br><br>GC SERVICES, LP,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## PLAINTIFF'S COMPLAINT

Plaintiff, JO LYNN EATON ("Plaintiff"), through PRICE LAW GROUP APC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Reno, Washoe County, Nevada.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Nevada.

11. Defendant is a Delaware Limited Partnership with its headquarters in

Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Chase credit card.

19. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the Chase Account.

21. Defendant called Plaintiff at 775-250-66xx in an attempt to collect on the Account.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Account.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Hi Jo Eaton this is Greg Miller. Please give me a call back at 800-285-3417, extension 131. Thank you."

25. Defendant's collector that left the message transcribed in paragraph 24 was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

26. Defendant's message for Plaintiff does not state that the call is from GC

Services, LP.

27. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

28. Defendant's collector that left the message transcribed in paragraph 24 is familiar with the FDCPA.

29. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

30. Defendant's collector that left the message transcribed in paragraph 24 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

31. The telephone number of 800-285-3417 is one of Defendant's telephone numbers.

32. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

33. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

34. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

35. Defendant recorded all of its telephone communications with Plaintiff

regarding the Account.

36. Defendant recorded all of its telephone communications with third parties regarding the Account.

37. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

38. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

39. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

40. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

41. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

42. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

43. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA

case.

44. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

45. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

46. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, *Darci Ravenscraft v. GC Services, LP*.

47. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, *Manrico Lollie v GC Services, LP*.

48. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, *Daniel Lambeth v. GC Services, LP*.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570, *Mordechai Pinson v. GC Services, LP*.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, *Lana Babcock v. GC Services, LP*.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, *Sheila Pratt v. GC Services, LP.*

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, *Thomas Laile v. GC Services, LP.*

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-13744, *Tamara Travers v. GC Services, LP.*

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00984, *David Cruz v. GC Services, LP.*

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone

COMPLAINT AND DEMAND FOR JURY TRIAL
- 8 -

calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

56. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JO LYNN EATON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

58. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

59. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

60. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: September 18, 2013  **PRICE LAW GROUP APC**

By: *Janice Smith*
Janice E. Smith
Attorney for Plaintiff